DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GLENN CALVIN JACKSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3241

[November 25, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Rosemarie Scher, Judge; L.T. Case No. 2017-CF-012412-AWB.

Carey Haughwout, Public Defender, and Claire V. Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

*ON MOTION FOR WRITTEN OPINION AND/OR REHEARING*

PER CURIAM.

The motion for written opinion and/or rehearing is denied.

GERBER and ARTAU, JJ., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., specially concurring.

In his motion for rehearing, appellant focuses on the issue of whether the trial court fundamentally erred in failing to give a heat of passion jury instruction in appellant's trial for attempted second degree murder. Although there is also an issue as to whether such an instruction was authorized on the facts, the central issue is whether it can be fundamental error not to give this special jury instruction. The supreme court has answered that question in *Kaczmar v. State*, 104 So. 3d 990, 1005-06 (Fla. 2012), concluding that it is not fundamental error:

Kaczmar contends that the trial court fundamentally erred in not sua sponte providing a special jury instruction on heat of passion. This claim is without merit. Kaczmar failed to request a special jury instruction or object when the trial court read the standard jury instructions, and because no fundamental error occurred, this issue is not preserved for review. *See Coday v. State*, 946 So. 2d 988, 995 (Fla. 2006) (rejecting claim that a special jury instruction on heat of passion was necessary to correctly explain the law when the issue was not preserved for appellate review); *see also Stephens v. State*, 787 So. 2d 747, 755 (Fla. 2001) ("[T]he failure to give special jury instructions does not constitute error where the instructions given adequately address the applicable legal standards."); *Sochor v. State*, 619 So. 2d 285, 290 (Fla. 1993) (the failure to give an instruction unnecessary to prove an essential element of the crime charged is not fundamental error).

*       *       *

**Final Upon Release; No Motion For Rehearing Will Be Entertained.**

2